IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED FINANCIAL CASUALTY COMPANY, a foreign insurer;

Plaintiff,

v.

WOLF EXPRESS LLC, a Washington Limited Liability Company d/b/a Wolf Express and Wolf Express Co.; KAYLEIGH THOMAS, an individual; HEATHER CHRISTINE WALTER, Personal Representative of the ESTATE OF DELTON KENT WALTER, and on behalf of JENNIFER ANN TREVINO and JAMES KENT WALTER, statutory beneficiaries; and JEREMY PERMEN, an individual;

Defendants.

No. 2:21-cv-1481

**COMPLAINT FOR DECLARATORY RELIEF**

United Financial Casualty Company (UFCC) submits the following Complaint for Declaratory Relief.

## I. INTRODUCTION

1.1 This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C § 2201 and 2202. United Financial Casualty Company seeks a determination that it has no duty or obligation to defend or indemnify Wolf Express, LLC for the acts or omissions



LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

forming the basis of the matter entitled *Walter, et. al. v. Kalashnikaov, et. al,* King County Superior Court Case No. 20-2-17693-1 (the "Underlying Lawsuit").

## II. PARTIES

2.1 Plaintiff United Financial Casualty Company is a foreign insurer organized under the laws of the state of Ohio with its principal place of business in the state of Ohio.

2.2 Defendant Wolf Express, LLC (Wolf) is a dissolved Washington Limited Liability Company with its principal place of business in Federal Way, Washington. Wolf's sole member and registered agent for service of process is Vladimir Tishchenko, at 2429 SW 316th St., Federal Way, Washington 98023.

2.3 Defendant Kayleigh Thomas is an individual who at all relevant times resided in Everson, Washington.

2.4 Defendant Heather Christine Walter was appointed as Personal Representative of the Estate of Delton Kent Walter in Whatcom County Superior Court Case No. 18-4-00606-37 on or about November 28, 2018.

2.5 Decedent Delton Kent Walter, at the time of the subject motor vehicle collision, resided in Lynden, Washington.

2.6 Jennifer Ann Trevino is decedent Delton Walter's daughter. At all relevant times, Jennifer Trevino resided in Phoenix, Arizona.

2.7 James Kent Walter is decedent Delton Walter's son. At all relevant times, Kent Walter resided in Blaine, Washington.

2.8 Jeremy Permen is an individual who at all relevant times resided in Whatcom County, Washington.

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

## III. JURISDICTION AND VENUE

3.1 This Court has jurisdiction over this claim pursuant to 28 U.S.C § 1332 as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and diversity amongst the parties is complete.

3.2 Venue is proper with this Court pursuant to 28 U.S.C. §1391 as this case involves a claim for insurance coverage under a policy of insurance issued in the state of Washington, to an entity doing business in the state of Washington, and for alleged losses that occurred in Skagit County, Washington.

## IV. FACTS

### A. <u>The Underlying Matter</u>

4.1 This matter arises out of claims made under a policy of insurance issued by UFCC to Wolf. Wolf seeks coverage, defense, and indemnity for claims asserted by Kayleigh Thomas, Jeremy Permen, and the Estate of Delton Kent Walter.

4.2 The claims arise from a motor vehicle accident involving Valery Kalashnikov, a driver employed by Century Transportation, LLC., and a semi-truck owned by Wolf.

4.3 At all relevant times, Wolf owned the subject semi-truck, a 2005 Volvo.

4.4 On September 3, 2018, Wolf leased the 2005 Volvo to Century Transportation.

4.5 Wolf was not an owner, member, or partner of Century Transportation.

4.6 On the date of the accident, Wolf, or any agent or employee of Wolf, was not operating the 2005 Volvo.

4.7 The lease agreement between Wolf and Century Transportation places the burden of insuring the vehicle on the lessee, specifically providing the following provision:

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

> **4. THE LESSEE'S OBLIGATIONS**
>
> […]
>
> > **4.3.** To keep the motor vehicle comprehensively insured with a reputable insurance company throughout the duration of this agreement;

Motor Vehicle Lease Agreement, p. 2.

4.8 On October 10, 2018, on northbound Interstate 5 in Burlington, WA., Kalashnikov, an employee of Century Transportation, was driving the 2005 Volvo, with an attached 53-foot trailer, when he was involved in a multi-vehicle accident.

4.9 Delton Kent Walter, was killed as a result of the collision, with several other individuals suffering injuries.

4.10 On December 10, 2020, *Walter, et al. v. Kalashnikov, et al.*, No. 20-2-17693-1 SEA was filed in King County Superior Court, naming Wolf as a defendant.

4.11 On February 24, 2021, *Perman v. Kalashnikov, et al.*, No. 21-2-02507-9 SEA was filed in King County Superior Court, naming Wolf as a defendant.

4.12 On March 1, 2021, *Thomas v Kalashnikov, et al.*, No. 21-2-02574-3 SEA was filed in King County Superior Court, naming Wolf as a defendant.

4.13 On August 10, 2021, an Order Granting Defendant's Motion for Consolidation of the three cases was entered in King County Superior Court, consolidating the three cases under Cause No. 20-2-17693-1 SEA.

4.14 UFCC is defending Wolf pursuant to a Reservation of Rights.

4.15 In defending Wolf under a Reservation of Rights, UFCC has requested various documents and information to assist in its investigation and defense of the Underlying Lawsuit.

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

4.16 Wolf has failed to provide certain information and documents requested by UFCC.

4.17 Wolf's lack of cooperation has prejudiced UFCC's ability to investigate and defend in the Underlying Lawsuit.

**B. The Subject UFCC Policy**

4.18 UFCC issued a Commercial Auto Insurance Policy to Wolf Express LLC, Policy No. 06381128-1 ("the Policy") with a policy period of June 7, 2018, through June 7, 2019.

4.19 The Subject Policy contains the following Insuring Agreement:

> **PART I – LIABILITY TO OTHERS**
>
> **INSURING AGREEMENT – LIABILITY TO OTHERS**
>
> Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, we will pay damages, other than punitive or exemplary damages, for **bodily injury, property damage**, and **covered pollution cost or expense**, for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto**. However, **we** will only pay for the **covered pollution cost or expense** if the same **accident** also caused **bodily injury** or **property damage** to which this insurance applies.
>
> **We** will settle or defend, at **our** option, any claim or lawsuit for damages covered by this Part I. **We** have no duty to settle or defend any lawsuit, or make any additional payments, after the Limit of Liability for this coverage has been exhausted by payment of judgments or settlements.

UFCC Policy, p. 6.

4.20 The Subject Policy contains the following Definitions pertinent to the above-described Insuring Agreement:

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

**ADDITIONAL DEFINITIONS USED IN THIS PART ONLY**

A. When used in Part I - Liability To Others, **insured** means:

1. **You** with respect to an **insured auto.**
2. Any person while using, with **your** permission, and within the scope of that permission, an **insured auto you** own**,** hire, or borrow except:

   (a) A person while he or she is working in a business of selling, leasing, repairing, parking, storing, servicing, delivering or testing **autos**, unless that business is **yours** and it was so represented in **your** application.
   (b) A person, other than one of **your** employees, partners (if **you** are a partnership), members (if **you** are a limited liability company), officers or directors (if **you** are a corporation), or a lessee or borrower or any of their employees, while he or she is moving property to or from an **insured auto**.
   (c) The owner or anyone else from whom the **insured auto** is leased, hired, or borrowed unless the **insured auto** is a **trailer** connected to a power unit that is an **insured auto**. However, this exception does not apply if the **insured auto** is specifically described on the **declarations page**.

   For purposes of this subsection A.2., an **insured auto you** own includes any **auto** specifically described on the **declarations page**.

3. Any other person or organization, but only with respect to the legal liability of that person or organization for acts or omissions of any person otherwise covered under this Part I - Liability To Others.

UFCC Policy, p. 6.

4.21 The Policy also contains the following definitions that are applicable to the Agreement:

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

**GENERAL DEFINITIONS**

[…]

5. “**Insured auto**” or “**your insured auto**” means:

a. Any **auto** specifically described on the **declarations page**; or

b. An additional **auto** for Part I - Liability To Others and/or Part II - Damage To Your Auto on the date **you** become the owner if:

(i) **you** acquire the **auto** during the policy period shown on the **declarations page**;

(ii) **we** insure all **autos** owned by **you** that are used in **your** business;

(iii) no other insurance policy provides coverage for that **auto**; and

(iv) **you** tell **us** within 30 days after **you** acquire it that **you** want **us** to cover it for that coverage.

If **you** add any coverage, increase **your** limits or make any other changes to this policy during the 30 day period after **you** acquire an additional **auto**, these changes to **your** policy will not become effective until after **you** ask us to add the coverage, increase **your** limits or make such changes for the additional **auto**. **We** may charge premium for the additional **auto** from the date **you** acquire the **auto.**

With respect to Part I - Liability To Others, if **we** provide coverage for an additionally acquired **auto** in accordance with this paragraph b., **we** will provide the same coverage for such additional **auto** as **we** provide for any **auto** shown on the **declarations page**

[…]

c. Any replacement **auto** on the date **you** become the owner if:

(i) **you** acquire the **auto** during the policy period shown on the **declarations page**;

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

       (ii) the **auto** that **you** acquire replaces one specifically described on the **declarations page** due to termination of **your** ownership of the replaced **auto** or due to mechanical breakdown of, deterioration of, or **loss** to the replaced **auto** that renders it permanently inoperable; and

(iii) no other insurance policy provides coverage for that **auto**.

If **we** provide coverage for a replacement **auto**, **we** will provide the same coverage for the replacement **auto** as **we** provide for the replaced **auto**. **We** will provide that coverage for a period of 30 days after **you** become the owner of such replacement **auto**. **We** will not provide any coverage after this 30 day period unless within this period **you** ask **us** to insure the replacement **auto**. If **you** add any coverage, increase **your** limits or make any other changes to **your** policy during this 30 day period, these changes to **your** policy will not become effective until after **you** ask **us** to add the coverage, increase **your** limits or make such changes.

[…]

UFCC Policy, p. 2–3.

14. "**Temporary substitute auto**" means any **auto you** do not own while used with the permission of its owner as a temporary substitute for an **insured auto** that has been withdrawn from normal use due to breakdown, repair, servicing, loss or destruction.

[…]

17. "**You**," "**your**" and "**yours**" refer to the named insured shown on the **declarations page**.

UFCC Policy, p. 5.

4.22 The Policy contains the following coverage exclusion:

Coverage under this Part I, including **our** duty to defend, does not apply to:

[…]

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

2. **Contractual**

Any liability assumed by an **insured** under any contract or agreement, unless the agreement is an **insured contract** that was executed prior to the occurrence of any **bodily injury** or **property damage**.

However, this exclusion does not apply to liability for damages that an **insured** would have in the absence of the contract or agreement.

UFCC Policy, p. 9

4.23 The Policy contains the following definition applicable to the above exclusion:

6. "**Insured contract**" means:

[…]

e. That part of any other contract or agreement pertaining to **your** business (including an indemnification of a municipality in connection with work performed for a municipality) under which **you** assume the tort liability that is vicariously imposed on another for your negligence or that of **your** employees or agents; or

f. That part of any contract or agreement, entered into as part of **your** business, for the rental of an **insured auto**. However, such contract or agreement shall not be considered an insured contract to the extent that it obligates **you** or any of **your** employees to pay for **property damage** to any **auto** rented or leased to **you** or any of **your** employees.

UFCC Policy, p. 3–4.

4.24 The Policy contains the following MCS-90 coverage endorsement:

The insurance policy to which this endorsement is attached provides Automobile liability insurance in is amended to assure compliance by the insured, within the limits stated herein, as a motor carrier of property, with Sections 29 and 30 of the Motor Carrier Act of 1980 and the rules and regulations of the Federal Motor Carrier Safety Administration (FMCSA).

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

> In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured or public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo. It is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation thereof, shall relieve the company from liability or from the payment of any final judgment, within the limits of liability herein described, irrespective of the financial condition, insolvency or bankruptcy of the insured. However, all terms, conditions, and limitations in the policy to which the endorsement is attached shall remain in full force and effect as binding between the insured and the company. The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.

UFCC Policy, Form MCS-90, p. 1–2.

4.25 The Policy contains the following Cooperation Clause:

> **<u>DUTIES IN THE EVENT OF AN ACCIDENT OR LOSS</u>**
>
> […]
>
> A person seeking coverage must:
>
> 1. cooperate with **us** in any matter concerning a claim or lawsuit;
>
> […]
>
> 3. allow **us** to take signed and recorded statements, including sworn statements and examinations under oath, which **we**

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

> may conduct outside the presence of **you**, a **relative**, or any person claiming coverage, and answer all reasonable questions **we** may ask as often as **we** may reasonably require;
>
> […]
>
> 5. attend hearings and trials as **we** require;
>
> […]
>
> 10. authorize **us** access to **your** business or personal records as often as **we** may reasonably require.

UFCC Policy, p. 1.

4.26 The Policy Declaration Page lists Ivan Feltsan, Nikolay Garagan, and Serghei Railean as the Named Rated Drivers.

4.27 At the time of the accident, the 2005 Volvo involved in the subject accident was not listed on the Policy Declaration Page.

## V. THERE IS AN ACTUAL AND JUSTICABLE CONTROVERSEY AS TO UFCC'S COVERAGE OBLIGATIONS

5.1 There is no coverage available to Wolf for the claims asserted against it in the Underlying Lawsuit.

5.2 The Insuring Agreement of the Policy provides coverage for damages which an "insured" becomes legally responsible for because of an "accident" arising out of the ownership, maintenance, or use of a "insured auto."

5.3 The Policy defines "insured auto" as any auto specifically described on the declarations page.

5.4 There is an actual and justiciable controversy as to whether the claims against Wolf in the Underlying Lawsuit involve an "insured auto," as defined in the Policy because the 2005 Volvo does not appear on the Policy Declarations Page.

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

5.5 The Policy also defines "insured auto" as any additional auto obtained during the subject policy period, if UFCC insures all other autos owned by the insured, there is no other insurance covering those autos, and the insured informs UFCC that it wishes for the auto to be insured with 30 days of acquiring the auto.

5.6 There is an actual and justiciable controversy as to whether the claims against Wolf in the Underlying Lawsuit involve an "insured auto" as defined in the Policy because the 2005 Volvo does not satisfy the conditions of an additionally insured auto.

5.7 The Policy also defines "insured auto" as any replacement auto on the date an insured becomes an owner, if the insured acquires the auto during the policy period, the acquired auto replaces one specifically described on the declarations page due to the termination of the insured's ownership of the replaced auto or due to mechanical breakdown of, deterioration of, or loss to the replaced auto that renders it permanently inoperable, and no other insurance policy provides coverage for that auto.

5.8 There is an actual and justiciable controversy as to whether the claims against Wolf in the Underlying Lawsuit involve an "insured auto" as defined in the policy, because the 2005 Volvo does not satisfy the conditions of a replacement auto.

5.9 The Policy also defines "insured auto" as a "temporary substitute auto," defined as any auto that an insured does not own while used with the permission of its owner as a temporary substitute for an insured auto that has been withdrawn from normal use due to breakdown, repair, servicing, loss or destruction.

5.10 There is an actual and justiciable controversy as to whether the claims against Wolf in the Underlying Lawsuit involve an "insured auto" because the 2005 Volvo does not satisfy the conditions of a "temporary substitute auto" as defined in the Policy.

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

5.11 The Policy precludes coverage for liability assumed under any contract or agreement, unless that agreement is an "insured contract" that was executed prior to the occurrence of any "bodily injury" or "property damage."

5.12 There is an actual and justiciable controversy as to whether Wolf's Lease Agreement with Century Transportation precludes coverage for claims asserted in the Underlying Lawsuit.

5.13 The Policy contains the federally mandated MCS-90 Endorsement, which may create coverage in certain circumstances where coverage would have otherwise been precluded.

5.14 There is an actual and justiciable controversy as to whether the MCS-90 Endorsement affects UFCC's coverage obligations for claims asserted in the Underlying Lawsuit.

5.15 The Policy's Cooperation Clause states that in an event of an accident or a loss, the insured must fully cooperate with UFCC, including authorizing full access to the insureds business and personal records as often as UFCC requires.

5.16 There is an actual and justiciable controversy as to whether Wolf's failure to fully cooperate with UFCC precludes coverage under the Policy.

5.17 There is an actual and justiciable controversy as to whether UFCC has a duty to defend Wolf against claims made in the Underlying Lawsuit. To the extent the claim is not covered, UFCC has a right to seek reimbursement for costs associated with the defense.

5.18 In addition to the provisions cited above, UFCC pleads all other conditions, terms, provisions, limitations, definitions, and exclusions of the Policy, which also may be found to be applicable to UFCC's coverage and defense of the underlying claims, and UFCC

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444 F: (206) 467-5544

reserves the right to amend its Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

## VI. FIRST CAUSE OF ACTION – DECLARATORY RELIEF

6.1 UFCC is entitled to Declaratory Judgment in its favor, specifically including a judicial determination as to it defense and indemnity obligations to Wolf under the policy of insurance issued by UFCC for the claims alleged in the Underlying Lawsuit.

## VII. PRAYER FOR RELIEF

UFCC, having alleged the foregoing, does now hereby pray for relief as follows:

7.1 For a declaration that UFCC owes no defense or indemnity obligation to Wolf Express, LLC for any claims asserted against it in the Underlying Lawsuit.

7.2 For all interest allowed by law.

7.3 For attorney fees and costs allowed by statute and law.

7.4 For other and further relief as the Court deems just and equitable.

DATED this 1st day of November 2021.

LETHER LAW GROUP

*/s/ Thomas Lether*
Thomas Lether, WSBA #18089
*/s/ Eric J. Neal*
Eric J. Neal, WSBA #31863
1848 Westlake Avenue N, Suite 100
Seattle, WA 98109
P: (206) 467-5444/F: (206) 467-5544
tlether@letherlaw.com
eneal@letherlaw.com
*Attorneys for United Financial Casualty Company*